UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No. 8:19-cv-1069-T-24 JSS

ADAMS HOMES OF NORTHWEST
FLORIDA, INC. and MARIE JEAN-
FRANCOIS,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Adams Homes of Northwest Florida, Inc.'s Motion to Dismiss. (Doc. No. 12). Plaintiff opposes the motion. (Doc. No. 17). As explained below, the motion is denied.

## I. Background

Plaintiff Mt. Hawley Insurance Company filed this declaratory judgment action, in which it asks this Court to declare that there is no coverage for its insured, Adams Homes of Northwest Florida, Inc. ("Adams Homes"), for the claims asserted by Defendant Marie Jean-Francois in the underlying state court action. Specifically, according to the state court complaint, Adams Homes and its subcontractors violated certain building codes and negligently constructed Marie Jean-Francois' home. In the instant declaratory judgment action, Plaintiff asks the Court to declare that it has no duty to defend Adams Homes in the underlying state court action or to indemnify Adams Homes for any liability that may be established in the state court action.

## II. Motion to Dismiss

In response to Plaintiff's amended complaint, Adams Homes moves for dismissal,

arguing that this Court lacks diversity subject matter jurisdiction. Specifically, Adams Homes argues that the amount in controversy does not exceed the $75,000 threshold, because Marie Jean-Francois obtained an estimate of the cost to repair her home totaling only $55,196.03. (Doc. No. 12-1).

**A. Standard of Review**

This Court has explained the standard of review for this type of attack on subject matter jurisdiction as follows:

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." . . . "[W]hen the attack is factual, . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."
>
> \*      \*      \*
>
> In order to invoke a federal district court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000, exclusive of interest and costs. "When a plaintiff seeks injunctive relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." . . . Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." However, where jurisdiction is based on a claim for indeterminate damages, the "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.

Dairyland Ins. Co. v. Chadwick, 2008 WL 912428, at *2 (M.D. Fla. Apr. 1, 2008)(internal citations omitted).

2

**B. Analysis**

The issue before this Court is whether Plaintiff can show that the amount in controversy exceeds $75,000. Plaintiff argues that the $55,196.03 repair cost may be undervalued because it is merely an *estimate*. Furthermore, the estimate is from October 2017, and the cost of the repair may have increased over the past two years. However, even if the Court accepts the $55,196.03 value for the repairs, the Court must also consider the costs of defending the underlying state court action. See id. at *3; Mount Vernon Fire Ins. Co. v. Plant Clinic, 2009 WL 10668243, at *2 (S.D. Fla. Dec. 21, 2009); Integon National Ins. Co. v. Ben's Reliable Roofing, Inc., 2010 WL 11506048, at *1 (S.D. Fla. Jan. 26, 2010); Canopius U.S. Ins., Inc. v. Prestige General Cleaning Services, Inc., 2014 WL 6979658, at *3 (S.D. Fla. Dec. 9, 2014)(stating that "the value of this action from Plaintiff's perspective includes the costs of its obligations to defend the underlying lawsuit").

As explained by this Court:

> In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy;[1] (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the insured in the underlying lawsuit.

Dairyland, 2008 WL 912428, at *3 (quotation marks and citation omitted)(footnote added). In this case, the coverage limits are $1 million per occurrence, and the amount of damages sought in

---

[1] "'While a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, . . . a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit.'" Southern-Owners Insurance Company v. Maronda Homes, Inc. of Fla., 2019 WL 2929715, at *2 (M.D. Fla. July 8, 2019)(citations omitted).

the underlying state court action is at least $55,196.03. Furthermore, Plaintiff has submitted an affidavit estimating defense costs in the state court action to be at least $20,250 based on an estimate of 135 hours at a rate of $150 per hour. (Doc. No. 17-1). Consideration of the defense costs brings the amount in controversy in this case over the $75,000 threshold. See Dairyland, 2008 WL 912428, at *3 (considering estimated defense costs of over $35,000 in addition to the $40,000 policy limit for a wrongful death claim); Integon, 2010 WL 11506048, at *3 (considering estimated defense costs of over $25,000 in addition to the $50,000 policy limit for a wrongful death claim). As such, the Court finds that Plaintiff has met its burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Adams Homes of Northwest Florida, Inc.'s Motion to Dismiss (Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of August, 2019.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record